UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:07-CV-83-R

BILLY RAY SMITH                                                                                            PLAINTIFF

v.

PADUCAH & LOUISVILLE RAILWAY, INC.                                                        DEFENDANT

**OPINION AND ORDER**

This matter is before the Court upon Plaintiff Billy Ray Smith ("Smith")'s Motion in Limine (Docket #18). Defendant Paducah & Louisville Railway Inc. ("P&L") has responded (Docket #24) and Plaintiff has replied (Docket #27). This matter is now ripe for adjudication.

Smith moves to exclude the introduction of any evidence pertaining to: (1) Smith's entitlement to, application for, or receipt of collateral source benefits, including Railroad Retirement benefits, and (2) Smith's suspension from his employment with P&L from March 5, 2008 to April 23, 3008. Smith contends that introduction of these matters is inadmissible for any purpose. In response, P&L does not dispute the inadmissibility of any evidence relating to Smith's collateral source benefits. However, P&L does argue that Smith's suspension is admissible for the purpose of determining future earning capacity.

In *Eichel v. New York Central R.R. Co.*, the Supreme Court held that evidence of collateral source benefits, such as disability payments, is inadmissible for "the purpose of impeaching the testimony of petitioner as to his motive for not returning to work and as to the permanency of his injuries." 375 U.S. 253, 254 (1963). The Court explained that the evidence was contrary to the spirit of the Federal Employers' Liability Act ("FELA") and Railroad Retirement Act, and would likely have a prejudicial impact on the jury. *Id.* at 255. Ultimately,

the Court adopted a limited view of the admissibility of collateral source benefits in FELA actions, reasoning that "[i]t has long been recognized that evidence showing that the defendant is insured creates a substantial likelihood of misuse." *Id.*

Since *Eichel*, the Sixth Circuit has reiterated the limited purposes for which evidence of collateral source benefits are admissible in FELA actions. *See Toth v. Grand Trunk R.R.*, 306 F.3d 335 (6th Cir. 2002) (trial court erred when it instructed jury about alternative sources of compensation); *Wilcox v. Clinchfield Railroad Co.*, 747 F.2d 1059 (6th Cir.1984) (trial court erred when it informed jury that plaintiff received other forms of compensation for his injury). Because the admission of collateral source benefits is generally disfavored in FELA actions and P&L has offered no opposition to its inadmissibility in this case, the Court finds that any evidence pertaining to Smith's entitlement to, application for, or receipt of collateral source benefits is inadmissible.

Smith argues that his March 5, 2008 to April 23, 2008 suspension from work at P&L is inadmissible because it has no relevancy to his February 6, 2006 injury and any probative value it might have is outweighed by its prejudicial effect. In response, P&L argues that Smith's suspension is part of his overall work record and indicates that he was unavailable for work for reasons unconnected with his alleged injury. P&L argues that this unavailability diminishes Smith's claim for future earnings in that he lost time due to discipline, not due to his injury.

Under Federal Rule of Evidence 402, only relevant evidence is admissible. Here, the Court finds no reason why Smith's suspension is relevant to his future earning potential. Smith is not claiming past lost wages for the time period during his suspension.

For the foregoing reasons, Smith's Motion in Limine is **GRANTED.**